**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AMERICAN DAIRY QUEEN CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>W.B. MASON CO., INC.<br><br>                    Defendant. | Civil Action No. 0:18-cv-00693-SRN-ECW |

**W.B. MASON'S MEMORANDUM OF LAW IN SUPPORT**
**OF ITS MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**
**AND TO STAY THE CASE PENDING APPELLATE PROCEEDINGS**

Pursuant to 28 U.S.C. § 1292(b), defendant W.B. Mason Co., Inc. ("W.B. Mason") hereby requests the Court certify for interlocutory appeal to the Eighth Circuit its January 8, 2019 Order (Dkt. 29) ("Order") denying W.B. Mason's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. 10) ("Motion"). Specifically, W.B. Mason requests certification of the following controlling question of law:

> Does a foreign corporation's compliance with Minnesota's registration and appointment statutes – Minn. Stat. §§ 303.03, 303.10, and 303.13 – which are silent to personal jurisdiction, nonetheless constitute consent to general personal jurisdiction in light of the United State Supreme Court's decisions in *Goodyear Dunlop Tire Ops., S.A. v. Brown*, 564 U.S. 915 (2011) and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014).

Whether W.B. Mason's compliance with the Minnesota statutes establishes consent to general personal jurisdiction, in and of itself, is a threshold jurisdictional issue that determines whether plaintiff American Dairy Queen Corporation's ("ADQ") case may proceed before this Court. This Court determined it was bound by Eighth Circuit precedent under *Knowlton v. Allied Van Lines,* 900 F.2d 1196 (8th Cir. 1990) in holding that W.B. Mason consented to general personal jurisdiction in Minnesota by merely complying with Minn. Stat. § 303. Order at 13. However, in doing so, the Court acknowledged that "persuasive arguments can be made that the holding of *Knowlton* is not reconcilable with the narrowing of the boundaries of due process that govern an analysis of minimum contacts and general personal jurisdiction under *Goodyear* and *Daimler*," and indicated it is "for the Eighth Circuit to reconsider *Knowlton* in light of this changing view of the law." Order at 13.

Whether *Knowlton* is reconcilable with *Goodyear* and *Daimler* is purely a controlling question of law. There is substantial ground for difference of opinion, as identified in the Court's Order. *See* Order at 11 ("courts across the country and within the Eighth Circuit…have found that implied consent under corporate registration statutes is irreconcilable with *Daimler* and *Goodyear*"). And, certification will materially advance the ultimate termination of the litigation, because if *Knowlton* is not reconcilable with *Goodyear* and *Daimler*, ADQ cannot maintain its suit against W.B. Mason in Minnesota. Therefore, certification of the Order for interlocutory appeal for guidance from the Eighth Circuit is warranted.

While W.B. Mason's motion and the interlocutory appeal are pending, W.B. Mason also requests the Court enter a stay of the litigation to conserve the resources of the Court and the parties. If the Eighth Circuit ultimately reverses the Court, dismissal of the case is warranted and therefore, the parties should not be forced to spend time and money on efforts that may ultimately be unnecessary.

## BACKGROUND

ADQ filed its Complaint on March 12, 2018 (Dkt. 1) and served W.B. Mason on March 13, 2018 (Dkt. 7). On April 2, 2018, W.B. Mason timely filed a Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue (Dkt. 10) (the "Motion"). On January 8, 2019, the Court denied W.B. Mason's Motion, citing *Knowlton* as controlling in this case. (Dkt. 29).

## ARGUMENT

### I. Legal Standard for Certification Under 28 U.S.C. § 1292(b)

28 U.S.C. § 1292(b) permits a district court to certify an order for interlocutory review where three criteria are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994); *Schwendimann v. Arkwright Adv. Coating, Inc.*, 11-cv-820, 2012 WL 5389674, at *3 (D. Minn. Nov. 2, 2012).

### II. The Order Involves a Controlling Question of Law

At issue in the Order and for interlocutory appeal is purely a controlling question of law. A controlling question of law must be a legal question and not "a matter for the

discretion of the trial court." *White*, 43 F.3d at 377. A question of law is "controlling" for purposes of § 1292(b) "if reversal of the district court's order would terminate the action." *Schwendimann*, 2012 WL 5389674, at *3 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).

Here, the question of whether compliance with a state's corporate registration and appointment statutes constitutes consent to general personal jurisdiction in light of *Goodyear* and *Daimler* is purely a legal question, and this Court has explicitly recognized that it does not have discretion to resolve the question. *See* Order at 13 ("It is for the Supreme Court to address consent by registration statutes in light of its new jurisprudence on general personal jurisdiction and/or for the Eighth Circuit to reconsider *Knowlton* in light of this changing view of the law"). The question is "controlling" because reversal of the Court's Order would result in dismissal of the case for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2). Thus, W.B. Mason's proposed appeal satisfies the first prong of § 1292(b) certification.

### III. There Is Substantial Ground for Difference of Opinion

As the Court is aware, there is significant ground for difference of opinion on the issue, which necessitates Eighth Circuit review. Numerous federal and state appellate courts have determined that corporate registration statutes that are silent to personal jurisdiction cannot constitute consent to personal jurisdiction in light of *Goodyear* and *Daimler*. Therefore, there is substantial ground for difference of opinion between the Eighth Circuit and a large number of courts.

Substantial ground for difference of opinion exists if there are "a sufficient number of conflicting and contradictory opinions" on the issue in question. *White*, 43 F.3d at 378. Here, the question proposed for certification has not only elicited conflicting and contradictory opinions among different circuits, but also among courts within the Eighth Circuit.

In 1990, the Eighth Circuit held in *Knowlton* that registration and appointment statutes that are silent on personal jurisdiction nonetheless constituted consent to general personal jurisdiction. Two decades later, the U.S. Supreme Court's *Goodyear* and *Daimler* decisions brought about substantial change in general jurisdiction jurisprudence, clarifying that general jurisdiction only exists when a corporate defendant is "essentially at home" in the forum state. *Daimler,* 571 U.S. at 139 (quoting *Goodyear*, 564 U.S. at 927). *Daimler* established that a corporation is "essentially at home" if it is incorporated in the forum state or has its principal place of business in the forum state, and *did not* identify consent-by-registration as a similar "paradigm" basis for general jurisdiction. *Daimler*, 571 U.S. at 137.

The Eighth Circuit and Minnesota Supreme Court have not yet had the opportunity to re-evaluate their consent-by-registration precedent in light of *Goodyear* and *Daimler*.[1] However, numerous courts have had the opportunity to re-evaluate and have reached the conclusion that consent-by-registration statutes, without more, no longer comport with due

---

[1] In *Rykoff-Sexton, Inc. v. Am. Appraisal Assocs., Inc.*, 469 N.W.2d 88 (Minn. 1991), the Minnesota Supreme Court came to a similar conclusion with respect to the Minnesota statutes as the Eighth Circuit in *Knowlton*.

process under *Goodyear* and *Daimler*. *See*, *e.g.*, *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016) (holding that reading beyond the face of Connecticut registration statutes analogous to Minnesota's "would implicate Due Process and other constitutional concerns… made more acute in the absence of a defendant corporation's explicit consent to the state's powers"); *Genuine Parts Co. v. Cepec*, 137 A.3d 123, 126-127 (Del. 2016) (expressly reversing Delaware Supreme Court's prior broad interpretation of Delaware's business registration statute because it "collide[d] directly with the U.S. Supreme Court's holding in *Daimler*"); *Segregated Account of Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 376 Wis.2d 528, 549-51 (2017) (reevaluating the Wisconsin high court's older cases under "[t]he shade of constitutional doubt that *Goodyear* and *Daimler* cast on broad approaches to general jurisdiction"); *see also* Order at 12-13 (compiling cases).

In contrast, this Court has continued to apply consent-by-registration in recent years, notwithstanding the narrower *Daimler* standard. *See Richie Capital Mgmt., Ltd. v. Costco Wholesale Corp.*, 17-cv-1664, 2017 WL 4990520, at *2, n. 2 (D. Minn. Oct. 30, 2017) (no substantive discussion of *Daimler* where defendant did not challenge the validity of *Knowlton*); *Ally Bank v. Lenox Fin. Mortg. Corp.*, 16-cv-2387, 2017 WL 830391, at *2-3 (D. Minn. March 2, 2017) (concluding that *Daimler* was inapplicable because it did not address "the limits of a defendant's capacity to consent to personal jurisdiction"). In its Order, this Court also cited to other federal district court decisions that have similarly found

sufficient personal jurisdiction under corporate registration statutes, even after *Goodyear* and *Daimler*. *See* Order at 9-11 (compiling cases).[2]

Accordingly, there is substantial ground for difference of opinion on the question at issue, and the second prong of § 1292(b) certification is satisfied.

## IV. Appellate Resolution Would Materially Advance the Termination of This Litigation

Appellate resolution of the issue – specifically, finding that consent-by-registration does not comport with *Goodyear* and *Daimler* – would materially advance termination of this litigation, by requiring dismissal of ADQ's complaint. Certification under § 1292(b) "should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation." *White,* 43 F.3d at 376 (quotation omitted). The requirement that the appeal "materially advance" the termination of the litigation is met when resolution of the proposed question might dispose of claims while a case is still in its early stages. *See Schwendimann*, 2012 WL 5389674, at *5 (criterion met when question addressed plaintiff's standing, and case was still in discovery phase).

---

[2] The Order cites to numerous Missouri federal district court cases in support of this proposition. Many of these decisions were cited by ADQ in its opposition brief. *See* Dkt. 20. However, all of these decisions pre-date the Missouri Supreme Court's decisions explicitly holding that Missouri's registration statute—which, like Minnesota's, does not explicitly provide for consent to personal jurisdiction—does not provide an independent basis for exercising jurisdiction over foreign corporations that register in Missouri. *See State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 52-53 (Mo. 2017), rehearing denied (Apr. 4, 2017); *State ex rel. Bayer Corp. v. Moriarty*, 536 S.W.3d 227, 232-33 (Mo. 2017). ADQ failed to mention that the Missouri federal district court cases cited in its brief are no longer good law in light of *Norfolk* and *Bayer*. *See Matthews v. BNSF Ry. Co.,* 16-cv-03211, 2017 WL 2266891, at *2 (W.D. Mo. May 23, 2017) (reversing the court's earlier consent-by-registration determination on rehearing in light of *Norfolk*).

Here, a decision by the Eighth Circuit that compliance with registration and appointment statutes does *not* suffice to establish consent to general personal jurisdiction would dispose of this case in Minnesota immediately. This trademark dispute is in its early stages, and reversal of the Court's finding of personal jurisdiction would put an end to the proceedings before the parties begin the expensive discovery process and engage in protracted litigation. Thus, the third and final prong of § 1292(b) certification is satisfied.

## V.  A Stay Pending Resolution of This Matter by the Eighth Circuit is Warranted.

The Court "has the inherent power to stay an action to control its docket, conserve judicial resources, and provide a just determination of the case." *Novo Nordisk, Inc. v. Paddock Labs., Inc.*, 797 F. Supp. 2d 926, 930, n. 3 (D. Minn. 2011) (citing *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990)). In determining whether a stay is warranted, a district court considers "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues; and (3) whether discovery is complete and whether a trial date has been set." *Id.* (citation omitted).

A stay is warranted here because it would promote efficiency and conserve both judicial resources and the parties' resources. ADQ will not be unduly prejudiced by a stay because it can be adequately compensated by monetary damages and/or a permanent injunction if it ultimately prevails in this action. A stay will simplify the issues by avoiding potentially unnecessary litigation in Minnesota. Where, as here, the defendant has not yet even answered the complaint, no reason exists to forge ahead with costly litigation while a threshold issue is in doubt. Therefore, the circumstances favor a stay while the Court

considers W.B. Mason's motion and while the Eighth Circuit considers W.B. Mason's appeal.

## **CONCLUSION**

W.B. Mason respectfully requests that the Court enter an order certifying the Order for interlocutory review under § 1292(b) and stay further proceedings in this Court pending resolution by the Eighth Circuit.

Dated: January 18, 2019

Respectfully submitted,

W. B. MASON CO., INC.

By its attorneys,

*/s/ Thomas R. Johnson*
Thomas R. Johnson (Reg. No. 242032)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Tel: (612) 332-5300

Of counsel:

Jason C. Kravitz (MA Bar No. 565904)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
Tel: (617) 345-1000
Fax: (617) 345-1300
jkravitz@nixonpeabody.com

*Attorneys for Defendant*