**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

_____
                                                                )
AMERICAN DAIRY QUEEN CORPORATION, )
                                                                )
                              Plaintiff,    )
                                                                )   Civil Action No.
                                                                )   0:18-cv-00693-SRN-ECW
v.                                                              )
                                                                )
W.B. MASON CO., INC.,                              )
                                                                )
                              Defendant.  )
_____  )

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY THE CASE PENDING APPELLATE PROCEEDINGS**

      Plaintiff American Dairy Queen Corporation ("Dairy Queen") hereby submits the following Memorandum of Law in Response to Defendant W.B. Mason Co., Inc.'s ("W.B. Mason") Motion to Certify for Interlocutory Appeal and to Stay the Case Pending Appellate Proceedings.  In its attempt to transfer this dispute to Massachusetts, W.B. Mason has already significantly delayed this case, and it now seeks further delay to pursue an immediate appeal of an interlocutory order and stay of the case.  This Court has already carefully considered W.B. Mason's personal jurisdiction argument, and held that the controlling Minnesota and Eighth Circuit law clearly reject it.  The fact that W.B. Mason nevertheless wants to maintain its motion, and hopes that the law in Minnesota and the Eighth Circuit may change, does not warrant the relief it seeks.

W.B. Mason's request clearly fails the test for a 1292(b) immediate appeal. W.B. Mason cannot meet its heavy burden given that long-established Minnesota and Eighth Circuit law rejects its position. Even more, W.B. Mason cannot satisfy the requirement that an immediate appeal must materially advance the ultimate termination of this litigation. W.B. Mason's proposed piecemeal appeal definitely will not speed up this case, and will only create further delays. Even if W.B. Mason's personal jurisdiction defense were to prevail, the case will be conducted in basically the same manner in the District of Massachusetts. W.B. Mason's asserted defense has no chance to stop, or even limit, Dairy Queen's prosecution of its important trademark infringement, unfair competition, dilution, and deceptive trade practices claims.

Even if the Court were to certify an early appeal, it should deny W.B. Mason's request to stay the proceedings. W.B. Mason has a heavy burden to justify its request for stay, and its motion falls far short. W.B. Mason does not even attempt to articulate an irreparable injury absent the stay, and cites no case law that is remotely similar to this case. W.B. Mason's motion ignores the fact that a stay would significantly harm Dairy Queen, preventing it from pursuing discovery in support of its claims, and delaying resolution of this dispute. Even if an immediate appeal is allowed, and regardless of whether the motion is eventually successful, the parties will need to conduct discovery that can be used to prepare the case for trial regardless of where the trial takes place. The Court should deny the stay of proceedings and allow the case to proceed as soon as possible with pleadings, the Rule 26(f) process, and discovery.

## BACKGROUND

Nearly a year ago, on March 12, 2018, Dairy Queen filed its Complaint in this case asserting claims for trademark infringement, unfair competition, trademark dilution, and unfair trade practices in order to protect its famous and highly valuable BLIZZARD trademark. In reliance on long-established law in Minnesota and the Eighth Circuit, Dairy Queen's Complaint alleged personal jurisdiction in this Court based on W.B. Mason's consent through its application for registration to do business in Minnesota in 2014, and renewal of the registration in 2017, pursuant to Minnesota's registration and appointment statutes. In its application to the State of Minnesota, W.B. Mason affirmed that it "irrevocably consents to service of process as provided by Minnesota Statutes, Chapter 303.13 and 5.25."[1]

In response, W.B. Mason first filed a declaratory judgment action in the District of Massachusetts. That declaratory judgment action addresses the same issues and claims that Dairy Queen alleged in its Complaint filed in this Court. After filing its declaratory judgment action, W.B. Mason filed its motion to dismiss or transfer in this Court. The Massachusetts action is stayed pending resolution of W.B. Mason's motion in this Court. If this Court would have granted W.B. Mason's motion, the case would not have ended. Rather, it would have simply shifted to W.B. Mason's preferred forum in Massachusetts.

---

[1] Dairy Queen also alleged personal jurisdiction based on the fact that W.B. Mason operates an interactive website that offers for sale the infringing product in this jurisdiction.

# ARGUMENT

## I. The Court Should Deny Certification of an Interlocutory Appeal That Will Cause Delay and Not Materially Advance the Termination of This Litigation

W.B. Mason's request for an early appeal of its personal jurisdiction argument fails the standard for certification of an interlocutory appeal. Section 1292(b) provides an exception to the final judgment rule that generally prohibits piecemeal appeals. It is to be reserved for the extraordinary case where early appellate review might prevent protracted and expensive litigation, not as an excuse to delay addressing the merits of a dispute. The statute provides three criteria that must be met for certification: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that controlling question of law; and (3) certification will materially advance the ultimate termination of litigation." *Great Lakes Gas Transmission Ltd. Partnership v Essar*, 2013 WL 4028144, *3 (D. Minn. 2013) (emphasis added).

In *Great Lakes*, this Court described the heavy burden this way:

Although the statute grants district courts the discretion to certify orders for interlocutory appeal, "[it] has ... long been the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." Due to this additional burden, motions for certification should be "granted sparingly and with discrimination." The legislative history of section 1292 indicates that "it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases." The movant must meet a heavy burden of establishing that the case is "an exceptional one in which immediate appeal is warranted."

(citations omitted). Because this is not an exceptional case that can satisfy each of the criteria, W.B. Mason's motion should be denied. W.B. Mason may choose later to pursue Eighth Circuit review of its theory in an appeal of this Court's final judgment, but

there is nothing extraordinary that warrants the additional burdens on the court and the litigants associated with an interlocutory appeal.

### A. There Is No Reasonable Dispute That Eighth Circuit and Minnesota Law Clearly Support This Court's Order Finding Personal Jurisdiction[2]

This Court has already carefully considered this issue, including W.B. Mason's arguments repeated in the instant motion, and ruled that the exercise of personal jurisdiction is consistent with long-established Minnesota and Eighth Circuit law. (Order at 7-8.) (reciting Minnesota Supreme Court's holding in *Rykoff-Sexton* and the Eighth Circuit law, and noting that "[t]his Court has previously held that neither *Goodyear* nor *Daimler* call into question whether *Knowlton* remains good law"). Given that the law is clearly established in Minnesota and in this District, the Court should find that there is no reasonable basis for a difference of opinion as to this question of law for this case. Defendant may disagree with this Court's Order, but such disagreement is not a valid basis for certification of an order for interlocutory appeal. Defendant is simply attempting to obtain premature evaluation of this Court's order in an attempt to further its blatant forum shopping.

There is no reasonable difference of opinion about Eighth Circuit and Minnesota law that controls the issue in this case. W.B. Mason acknowledges that other decisions in this District have also held that *Daimler* is inapplicable to the long-standing law providing for jurisdiction by consent. W.B. Mason's argument is really that the long-

---

[2] Dairy Queen does not contest the first criteria, which is that this involves a controlling question of law.

5

established law in Minnesota and the Eighth Circuit may change in the future. Such a possibility, however, does not warrant piecemeal appeal of the issue in this case.

In addition, W.B. Mason's argument fails because the law it relies on from other jurisdictions is distinguishable from the statutory scheme in Minnesota. Even if those cases are correct, there is good reason to think that the conclusion reached regarding those other states does not lead to the conclusion that consent is not a valid basis for exercising personal jurisdiction in Minnesota. In other words, the law that W.B. Mason relies on from other jurisdictions, even if correct, does not dictate a different result here.

W.B. Mason relies primarily on cases that analyze the state registration and appointment statutes in Connecticut, Delaware, and Wisconsin. Under those states' laws, a foreign defendant is required to appoint an agent for service of process, and the application foreign defendants file simply acknowledges that they have in fact appointed an agent. The cases that W.B. Mason relies on call into question the conclusion that this registration and appointment of an agent for service of process is sufficient to constitute consent for exercising personal jurisdiction.[3] Minnesota's registration and appointment statutory scheme, on the other hand, goes much further by including language affirming that the foreign corporation is "irrevocably consenting" to service of process as is

---

[3] W.B. Mason notes in footnote 2 that Missouri law has changed. Missouri, like the states in the other cases it relies on, does not have a foreign corporation irrevocably consent to service of process. The Missouri decisions that W.B. Mason cites revised Missouri law as a matter of statutory interpretation, and did not reach the constitutional question that W.B. Mason asserts. Minnesota law, however, has not changed. Dairy Queen was not aware of the Matthews decision from the Western District of Missouri that W.B. Mason cites, as it was decided after Dairy Queen submitted its brief on this point. Regardless, it does not change the result under Minnesota and Eighth Circuit law.

described in the Minnesota statutes. W.B. Mason, like other foreign corporations filing in Minnesota, thereby affirmed that it was "irrevocably consenting" to service of process on it in the manner that Dairy Queen used here to serve its Complaint. Minnesota's scheme definitely goes beyond simply asking foreign corporations to appoint an agent for service of process, and this important difference undercuts W.B. Mason's reliance on cases from those other jurisdictions.

> **B. An Early Appeal Will Only Delay Dairy Queen's Trademark Claims and Not Advance Ultimate Termination of This Dispute**

In order to warrant an exception to the general rule prohibiting piecemeal appeals, section 1292(b) requires that appellate resolution of an issue would materially advance termination of the litigation. In order to satisfy this criteria, an immediate appeal must speed up the completion of the case. *Ahrenholz v. Bd. of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (noting that in order to materially advance the ultimate termination of the litigation an immediate appeal "must promise to speed up the litigation"); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating that this criteria requires that an immediate appeal "would serve to avoid a trial or otherwise substantially shorten the litigation"). This criteria is not met where the litigation "will be conducted in substantially the same manner regardless of [the] decision." *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994).

W.B. Mason's motion gives scant attention to this factor, perhaps because there is no way it can satisfy it. W.B. Mason rushed to file a declaratory judgment action in Massachusetts that essentially addresses the same issues as this litigation, and it knows

full well that even if the Eighth Circuit or the Supreme Court were to rule in its favor on the personal jurisdiction issue the result would simply be that this dispute moves to a different forum. The personal jurisdiction defense raised by W.B. Mason is exactly the kind of issue for which appellate resolution would not materially advance termination of the litigation. Even if W.B. Mason were to prevail in an immediate appeal, the litigation of Dairy Queen's claims will be conducted in substantially the same manner. W.B. Mason's argument, even if it were to prevail in an immediate appeal, has no chance of preventing, or even limiting, Dairy Queen's claims that are the substance of this case.

W.B. Mason cites a case, *Schwendimann v. Arkwright Adv. Coating, Inc.*, 2012 WL 5389674 (D. Minn. 2012), for the proposition that this requirement "is met when resolution of the proposed question might dispose of claims while a case is still in its early stages." (Memo. at 7). In that case, however, the Court noted that resolution of the standing issue in question would dispose of the claims in question, so that the issue could materially advance termination of the litigation. In this case, W.B. Mason is not asserting any defense that, even if it were upheld in an immediate appeal, would dispose of Dairy Queen's claims. The best possible result for W.B. Mason is that it would prevail in its forum shopping effort, and defend Dairy Queen's claims in the District of Massachusetts.

In fact, granting W.B. Mason's motion will do precisely the opposite of materially advancing the ultimate termination of this case. An immediate appeal will only delay Dairy Queen's prosecution of its important claims which will definitely still go forward. *See Black v. State of Missouri*, 492 F.Supp. 848, 876 (W.D. Mo. 1980) (denying 1292(b) certification because the issue had already "sidetracked" the case for a year, and

8

certification would only "exacerbate the delay" rather than materially advancing the ultimate termination of the case). For this reason, W.B. Mason's request for certification of an appeal should be denied.

## II. W.B. Mason Has Provided No Basis For A Stay Pending Appellate Proceedings, Which Would Only Further Delay the Case

W.B. Mason's motion does not satisfy the heavy burden to justify a stay of this case in the District Court. The U.S. Supreme Court and the Eighth Circuit have emphasized that the proponent of a stay "bears the burden of establishing its need." *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (citing *Clinton v. Jones*, 520 U.S. at 708, 117 S.Ct. 1636 (1997)). Moreover, this court has previously required that, "[t]he party requesting a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Bae Systems Land & Armaments L.P. v. Ibis Tek, LLC*, F.Supp.3d 878 (D. Minn. 2015)(quoting *U.S. v. Minnkota Power Co-op., Inc.*, 831 F.Supp.2d 1109, 1118 (D.N.D. 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163 (1936)). "This burden includes a presumption favoring the party opposing a stay." *Jones v. Clinton*, 72 F.3d 1354, 1365 (8th Cir. 1996).

In exercising discretion on whether to grant a stay, courts consider a variety of factors including "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 129 S.Ct. 1749, 1756, 173 L.Ed.2d 550 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987)). As this Court has previously noted, "Because 'traditional stay factors contemplate individualized judgements in each case, the formula cannot be reduced to a set of rigid rules.'" *Brady v. National Football League*, 779 F.Supp.2d 1043 (D. Minn. 2011)(quoting Hilton, at 777.) A stay pending appeal is "an intrusion into the ordinary process of judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result" to the movant. *Id.* (quoting *Nken*, 129 S.Ct. at 1757).

The circumstances of this case do not warrant a stay pending appeal. Therefore, even if the Court were to certify an interlocutory appeal of its order, this Court should deny Defendant's request to stay the proceedings. As detailed below, W.B. Mason has failed to identify any irreparable harm it will suffer without a stay. Proceeding in the case with pleadings and discovery is going to happen regardless of the result of any possible appeal,[4] and W.B. Mason has not identified any reason why that cannot occur simultaneously with a possible appeal. W.B. Mason's failure to demonstrate a clear hardship or inequity associated with moving forward is sufficient reason to deny the request to stay proceedings. Moreover, Dairy Queen would face specific harm as a result

---

[4] Even if W.B. Mason were to prevail, Dairy Queen's claims would simply be transferred to the case in the District of Massachusetts. W.B. Mason has not sought here to defeat Dairy Queen's claims on the merits, and there is no reason that any discovery done when the case is pending in this Court could not be used if the case were required to be tried in the District of Massachusetts.

10

of a stay, further delaying its ability to prosecute its important claims for trademark infringement, unfair competition, dilution, and deceptive trade practices.

### A. W.B. Mason Has Not Met Its Heavy Burden of Establishing A Clear Need For A Stay

Not only does W.B. Mason fail to "establish a need" for stay, but its scant argument lacks any support whatsoever in support of a stay, let alone a "clear case of hardship or inequity." W.B. Mason merely contends that "ADQ will not be unduly prejudiced by a stay" but fails to present a scintilla of evidence that the W.B. Mason will face hardship or inequity if a stay is not granted. (Memo. at 8.) W.B. Mason cites only one case in support of its argument; a case which, in fact, denies a motion to stay. (Memo. at 8 (citing *Novo Nordisk, Inc. v. Paddock Labs., Inc.*, 797 F. Supp. 2d 926, 934(D. Minn. 2011)("the Court …denies Novo Nordisk's motion to stay".))) Accordingly, W.B. Mason does not meet the requisite burden to establish a need for a stay, and this Court should deny Defendant's request.

### B. A Stay Would Create Specific Dilatory Harm to Plaintiff and the Public

Conversely, a stay would create specific dilatory harm to Dairy Queen and further perpetuate harm to the public. "Because a stay has the potential to damage the nonmoving party, a district court should exercise its discretionary power to stay proceedings in moderation. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163 (1936). "Prompt enforcement of the trademark laws benefits all who seek protection under them." *GTFM, Inc. v. Park*, 2002 WL 31890940, *2 (S.D.N.Y. 2002). On the other hand, delayed enforcement of the trademark laws would perpetuate likelihood of

11

consumer confusion as to source and/or sponsorship of Defendant's infringing goods and exacerbate to Dairy Queen's highly valuable BLIZZARD trademark. The delay caused by a stay would also perpetuate likelihood of dilution of Dairy Queen's mark. Therefore, "weighing against [a] stay is the public's interest in prompt further protection of the plaintiff and the public from [trademark infringement]." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 104 (2012). *See also Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 375 (2d Cir.1997) (the "underlying purpose of the Lanham Act ... is protecting consumers and manufacturers from deceptive representations of affiliation and origin"); *Sec. and Exch. Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1377 (D.C. Cir. 1980) (denying a stay in order to avoid the continued dissemination of false or misleading information by companies to members of the investing public).

Moreover, a stay risks creating staleness in the evidence relating to this case. Companies do not retain records indefinitely and pertinent documents, metadata, information, and testimony vital to Dairy Queen's case might be destroyed as time passes, creating "specific hardship" for Plaintiffs. *Aquilar v. Ocwen Loan Servicing, LLC*, 289 F.Supp.3d 1000, 1010 (2018)("[Plaintiff] identified specific hardship that would result from a stay [in that] companies do not retain records indefinitely…[and] records vital to his case might be destroyed"). Temporal distance could create inaccuracies and gaps in the information that would make up the record of this case, to the possible detriment of Plaintiff's assertions and rights.

### C. A Stay Would Not Conserve Judicial Resources or the Parties' Resources

Contrary to Defendant's claims that a stay "would promote efficiency and conserve both judicial resources and the parties' resources," (Memo. at 8.) a stay would not promote efficiency or conserve judicial resources. The stay requested would merely delay discovery, and perhaps relocate discovery to take place in the case in Massachusetts. If the Court denies the stay, discovery would not be duplicated, and the parties' resources would not be wasted. A stay would merely allow Defendants to further delay discovery, and possibly, if an appeal were successful, proceed with the case in Defendant's home state. For these reasons, this Court should deny Defendant's request to stay the proceeding.

Respectfully submitted,

Dated: January 25, 2019 **GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.**

By: s/Dean C. Eyler
Dean C. Eyler (MN Bar # 267491)
Molly R. Littman (MN Bar # 398449)
Kirsten E. Donaldson (MN Bar # 389533)
500 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Phone: 612-632-3000
Fax: 612-632-4444
dean.eyler@gpmlaw.com
molly.littman@gpmlaw.com
kirsten.donaldson@gpmlaw.com

                        Sheldon H. Klein*
                        600 New Hampshire Ave, NW
                        Suite 700
                        Washington, DC 20037
                        Phone: 202-295-2200
                        sheldon.klein@gpmlaw.com
                        **Pro Hac Vice*

                        **ATTORNEYS FOR PLAINTIFF AMERICAN DAIRY QUEEN CORPORATION**

GP:4847-4640-9094 v6