# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| American Dairy Queen Corporation,<br><br>Plaintiff,<br><br>v.<br><br>W.B. Mason Co., Inc.,<br><br>Defendant. | Case No. 18-cv-693 (SRN/ECW)<br><br>**MEMORANDUM OPINION AND ORDER** |

Dean Engler and Molly Littman, Gray Plant Mooty, 80 South 8th Street, Suite 500, Minneapolis, MN 55402, and Sheldon Klein, Gray Plant Mooty, 600 New Hampshire Avenue, NW, Suite 700, Washington, DC 20037, for Plaintiff.

Jason Kravitz, Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110, and Thomas Johnson, Merchant & Gould PC, 80 South 8th Street, Suite 3200, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

On January 8, 2019, the Court denied Defendant W.B. Mason's motion to dismiss for lack of personal jurisdiction, in light of binding Eighth Circuit precedent on the issue. *See Am. Dairy Queen Corp. v. W.B. Mason Co., Inc.*, 2019 WL 135699 (D. Minn. Jan. 8, 2019); *see also* Doc. No. 29. W.B. Mason now requests, over Dairy Queen's objection, that the Court "certify" that decision for "interlocutory appeal" to the Eighth Circuit. Although the Court acknowledges that W.B. Mason makes compelling arguments regarding the lack of personal jurisdiction in this case, the Court ultimately concludes that allowing W.B. Mason to file an interlocutory appeal would not materially advance this trademark litigation, and would unfairly prejudice Dairy Queen's rights as a litigant. The

Court accordingly denies W.B. Mason's motion.

I. THE LAW

In the usual course of business, a party may not appeal a District Court's ruling unless that ruling marks a "final decision." 28 U.S.C. § 1291. "Generally, a district court decision is final when 'the district court has rendered a decision that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991) (quoting *Towers Hotel Corp. v. Rimmel*, 871 F.2d 766, 769 (8th Cir. 1989)). There is no dispute that the Court's January 8, 2019 ruling was not a "final decision."

However, the doctrine of "interlocutory appeal" presents an exception to this general rule. Specifically, under federal law, a District Court may "certify" a non-final order to the Court of Appeals that sits above it if the following three conditions are met: "**(1)** the order 'involves a controlling question of law'; **(2)** 'there is substantial ground for difference of opinion'; and **(3)** certification will 'materially advance the ultimate termination of the litigation.'" *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (quoting 28 U.S.C. § 1292(b)). Although the Eighth Circuit has not expounded upon this standard at length, it has emphasized, repeatedly, that certification "should be granted sparingly, and with discrimination." *Union Cty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White*, 43 F.3d at 376). Indeed, as this Court noted only a few years ago, "[t]he legislative history of section 1292 indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in

2

hard cases." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, No. 09-cv-3037 (SRN/LIB), 2013 WL 4028144, at *3 (D. Minn. Aug. 7, 2013) (citing *Union Cty.*, 525 F.3d at 646). The movant must therefore meet a "heavy burden" in establishing that the case is "an exceptional one in which immediate appeal is warranted." *Nix,* 43 F.3d at 376.

## II. ANALYSIS

W.B. Mason argues that this case is "exceptional" for the following three reasons. First, it contends, the January 8, 2019 ruling is "controlling because reversal of the Court's Order would result in dismissal of the case for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2))." (W.B. Mason Br. [Doc. No. 32] at 4.) Second, it continues, "numerous federal and state appellate courts" have considered the personal jurisdiction question at issue here, that is, whether compliance with a state's corporation registration statute constitutes consent to general personal jurisdiction, and have reached "conflicting and contradictory opinions." (*Id*. at 4-5; *accord Dairy Queen*, 2019 WL 135699, at *4-6 (collecting cases).) Finally, W.B. Mason concludes, a favorable appellate ruling in its favor would "materially advance" this litigation by "put[ting] an end to the proceedings [in Minnesota] before the parties begin the expensive discovery process and engage in protracted litigation." (W.B. Mason Br. at 7-8.)

For its part, Dairy Queen concedes that the Court's Order involves a "controlling question of law." (Dairy Queen Br. [Doc. No. 45] at 5 n.2.) However, Dairy Queen avers, the second Section 1292(b) factor – "substantial difference of opinion" – is not met because the Eighth Circuit and the Minnesota Supreme Court have already ruled on the

relevant jurisdictional question, albeit in a manner that potentially conflicts with more recent U.S. Supreme Court case law. (*Id.* at 5-6 (discussing *Knowlton v. Allied Van Lines*, 900 F.2d 1196 (8th Cir. 1990) and *Rykoff-Sexton, Inc. v. Am. Appraisal Assocs.*, Inc., 469 N.W.2d 88 (Minn. 1991)).) Dairy Queen also argues that allowing an interlocutory appeal would not "materially advance" this litigation because, "even if W.B. Mason were to prevail in an immediate appeal," this litigation would simply move to Massachusetts federal court, where W.B. Mason's (mirror image) declaratory judgment action is currently pending. (*Id.* at 7-8; *see also Dairy Queen*, 2019 WL 135699, at *1 (noting that, three days after Dairy Queen filed this suit in the District of Minnesota, "W.B. Mason filed a declaratory judgment action in the District of Massachusetts").)[1] If this case ended up in Massachusetts, Dairy Queen points out, "the litigation of Dairy Queen's claims [would] be conducted in substantially the same manner" as they would be here. (Dairy Queen Br. at 8.)

The Court finds that Dairy Queen has the better of the argument. As an initial matter, the Court agrees with W.B. Mason that *Knowlton* and *Rykoff-Sexton* might no longer constitute good law in light of the U.S. Supreme Court's decisions in *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011) and *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). Indeed, the Court acknowledged this very point in its January 8 Order. *See Dairy Queen*, 2019 WL 135699, at *4 (observing that "persuasive arguments can be made that the holding of *Knowlton* is not reconcilable with the narrowing of the

---

[1] The Massachusetts action was stayed pending resolution of W.B. Mason's motion in this Court. (*See* Dairy Queen Br. at 3.)

boundaries of due process that govern an analysis of minimum contacts and general personal jurisdiction under *Goodyear* and *Daimler*"). Nonetheless, because "interlocutory appeal" would not "materially advance" the "ultimate termination" of this trademark litigation, the Court is dutybound to deny W.B. Mason's motion. *See* 28 U.S.C. § 1292(b). This is so for two reasons.

First, this is not a "standard" interlocutory appeal case, in that the movant is requesting that the District Court certify an important, yet unclear, legal question that the higher court has not yet addressed. *See, e.g.*, *Schwendimann v. Arkwright Advanced Coating, Inc.*, No. 11-cv-820 (ADM/JSM), 2012 WL 5389674, at *5 (D. Minn. Nov. 2, 2012) ("substantial ground for difference of opinion" existed where district courts disagreed about a legal question that the Federal Circuit Court of Appeals had not yet addressed). Rather, the Eighth Circuit *and* Minnesota Supreme Court have *both* expressly addressed the at-issue question, albeit in a way that may be out of step with more recent U.S. Supreme Court precedent. *See Knowlton*, 900 F.2d 1196; *Rykoff-Sexton, Inc.*, 469 N.W.2d 88. As such, W.B. Mason's appeal could delay this case to a much greater extent than the "standard" interlocutory appeal because, to achieve a favorable result, W.B. Mason would need to either (a) request that the Eighth Circuit hear the case *en banc*,[2] (b) request that the Eighth Circuit certify the relevant question to the Minnesota Supreme Court (so that the state court could review its prior interpretation of a state statute in the

---

[2] *See U.S. v. Zuniga*, 579 F.3d 845, 848 (8th Cir. 2009) ("Only the [Eighth Circuit] en banc may overrule circuit precedent.").

5

first instance),[3] or (c) petition the U.S. Supreme Court for certiorari. This is a recipe for a long and drawn-out appeals process, in a case that has already been delayed over a year because of the present jurisdictional dispute.

Second, and even more importantly, a favorable appeals court ruling would do nothing to "terminate" the substantive trademark claims that Dairy Queen is litigating against W.B. Mason, because an *identical* "declaratory judgment" suit is currently pending in Massachusetts federal court. Thus, even if W.B. Mason successfully convinced the Eighth Circuit (or U.S. Supreme Court) to vacate the Court's January 8 decision, the parties would simply return to their current positions as a matter of substantive law, albeit in Boston instead of St. Paul, and in 2021 instead of 2019. It makes no sense to make Dairy Queen wait that long to pursue its trademark infringement claims, which it filed in this Court in good faith. *Accord Dairy Queen*, 2019 WL 135699, at *7 (denying W.B. Mason's motion to transfer venue, in large part because W.B. Mason had "not sufficiently argued that Dairy Queen acted in bad faith, [or] that Dairy Queen raced to the courthouse as a result of learning W.B. Mason was going to file [its action in Massachusetts]").

Now, the Court is well aware that this decision could result in the parties trying this case before a jury here, only to have that trial erased, years later, on jurisdictional infirmities. *Cf. Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn., LLC*, 843

---

[3] *See United States v. Fogg*, 836 F.3d 951, 958 (8th Cir. 2016) ("Since the founding of the United States, the principle that federal courts must accept a state supreme court's interpretation of state statutes has been 'universally recognized' as necessary for the functioning of American federalism.").

F.3d 325 (8th Cir. 2016). But that risk only prejudices the parties' pocketbooks, not their substantive rights. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 805 (1985) ("[A] judgment issued without proper personal jurisdiction . . . is not entitled to full faith and credit elsewhere and thus has no res judicata effect as to that party."). And, in any event, Dairy Queen is the "master of its complaint," and thus has every right to take that risk. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). More still, W.B. Mason is a national corporation represented by both national and local counsel; it has not indicated that it will face any prejudice by litigating this suit, which primarily centers around federal trademark law, in Minnesota as opposed to in Massachusetts. *Accord Dairy Queen*, 2019 WL 135699, at *7 ("W.B. Mason has not adequately stated that it is more convenient for the parties or witnesses to litigate in Massachusetts or that the interests of justice would be served in doing so.").

As such, under the unique circumstances of this case, interlocutory appeal is not warranted.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that W.B. Mason's Motion to Certify Interlocutory Appeal and to Stay the Case Pending Appellate Proceedings [Doc. No. 30] is **DENIED**. Per Magistrate Judge Wright's prior ruling, W.B. Mason's must answer Dairy Queen's complaint in seven days. (*See* Jan. 30, 2019 Mag. J. Ruling [Doc. No. 46].)

Dated: April 22, 2019                         s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge