

80 South Eighth Street
500 IDS Center
Minneapolis, MN 55402
Main: 612.632.3000

Lathrop GPM LLP
lathropgpm.com

Dean C. Eyler
Attorney
dean.eyler@lathropgpm.com
612.632.3016

January 2, 2020

The Honorable Elizabeth Cowan Wright
Magistrate Judge, District of Minnesota
United States District Court
342 Federal Building
316 N. Robert Street
St. Paul, MN 55101

*ELECTRONIC FILING*

Re: ***American Dairy Queen Corp. v. W.B. Mason Co., Inc.***
     Case No: 18-cv-693 (SRN/ECW)

Dear Judge Wright:

    Plaintiff American Dairy Queen Corporation ("Dairy Queen") submits this letter pursuant to the Court's Informal Dispute Resolution procedures set forth in the Pretrial Scheduling Order (the "PSO"). *See* ECF 55.

    W.B. Mason seeks to increase the number of fact depositions that each party can take from ten to eighteen in order to take the depositions of eight third parties who allegedly use the mark BLIZZARD. W.B. Mason's request should be denied because it has not yet taken a single deposition in this case, nor has it made the requisite particularized showing that these depositions are necessary. Moreover, W.B. Mason has not shown that the information it seeks to obtain from these non-parties cannot be accomplished through less-costly and less-intrusive means, such as document requests. For these reasons, the Court should deny W.B. Mason's request to modify the PSO to add depositions.

    During the Rule 26(f) conference on June 7, 2019, the parties had a detailed discussion about the number of depositions permitted in this case. Dairy Queen originally proposed five fact depositions per side. W.B. Mason rejected that proposal and demanded ten fact depositions per side. W.B. Mason also reserved the right to seek leave to take additional, brief depositions relating to the issue of actual confusion. The parties submitted their Proposed Scheduling Order with the following term:

> No more than **10** depositions, excluding expert witness depositions, shall be taken by either side. **Notwithstanding the foregoing, Defendant reserves the right to seek leave to take additional brief depositions if Plaintiff**

Page 2
January 2, 2020

> **identifies third-party(ies) in support of an argument of actual confusion in the marketplace.**

*See* ECF 53, at 5 (emphasis in original). At the Rule 16 conference, this Court struck the notwithstanding clause and instructed that if the parties want to take more than ten depositions, they can seek leave of court to do so.

W.B. Mason has not yet taken any depositions in this case. Nevertheless, W.B. Mason recently requested that Dairy Queen agree to expand the number of fact depositions from ten to eighteen. W.B. Mason then served two notices of third party subpoenas on December 13th, five additional notices of subpoenas on December 19th, and one other third-party subpoena on December 20th.

W.B. Mason's request to increase the number of depositions in this case is premature. Because W.B. Mason has not yet taken any depositions, it is mere speculation that W.B. Mason will not be able to accomplish its discovery within the ten-deposition limit. The idea that W.B. Mason *might* not be able to accomplish discovery within the limit set by this Court does not meet the Court's requirement that W.B. Mason make a particularized showing that these additional eight depositions are necessary. *See Archer Daniels Midland v. Aon Risk Services, Inc.*, 187 F.R.D. 578, 586 (D. Minn. 1999) ("[A] party seeking leave to take more depositions . . . than are contemplated by the Federal Rules or by the Court's Scheduling Order, must make a particularized showing by the discovery is necessary.").

It is for this reason that this District requires parties to exhaust their allotted depositions before adding more. For instance, in *Archer Daniels Midland*, the Court concluded that because the moving party had not yet taken any depositions in the case, it had "no cause . . . to presume those limits [were] critically insufficient, or if they [were], how many more . . . depositions should suffice." *Id.* at 587. Although the moving party had identified 47 proposed deponents and broadly stated the supposed relevance of their testimony, it made "no showing that each of the deponents [was] essential to its discovery, and [was] not merely a replication of discovery that could best be accomplished with the number of deponents . . . previously allocated." *Id.* In denying the movant's request, the Court held that "[a]t a minimum, [the moving party] should appropriately exhaust its current quota of depositions, in order to make an informed request for an opportunity to depose more witnesses, before seeking leave to depose a legion of others." *Id. See also Medtronic Inc. v. Guidant Corp.*, 2003 WL 23867342, at *2 (D. Minn. 2003) (denying the defendant's request for an additional seventy-five hours of deposition testimony in a complex patent infringement dispute because the defendant "ha[d] not yet exhausted all of its . . . depositions.").

Like the movants in *Archer Daniels Midland* and *Medtronic*, W.B. Mason has not exhausted its ten depositions. Therefore, it is premature for W.B. Mason to request that this Court amend the scheduling order to add depositions when it cannot show that these depositions are essential to discovery and not replications of discovery that could be accomplished within the PSO's ten-deposition limit. W.B. Mason has not made a particularized showing for why these depositions are necessary and cannot do so because it has not exhausted its current quota of depositions.

In addition, the eight depositions of non-parties that W.B. Mason seeks to add are not proportional to the needs of this case. In addition to being potentially duplicative of other depositions, these depositions serve only to unnecessarily increase the costs of discovery. W.B. Mason also served document requests with its subpoenas to third parties, which constitute less-costly and less-intrusive means of discovery. W.B. has made no showing why it needs to substantially increase the cost of litigation by also requiring Dairy Queen to pay fees and costs associated with flying its attorneys to eight third-party depositions in Nebraska, California, Georgia, Wisconsin, New Hampshire, and Oregon. Moreover, while W.B. Mason told this Court that it needs only half-day depositions for each third party, W.B. Mason's deposition notices are not limited in time, and indeed, where two third parties are located in the same city, W.B. Mason has noticed their depositions for two separate days. Even half-day depositions, however, require substantial time for preparation. The time, effort, and expense associated with these eight third-party depositions, in addition to W.B. Mason's 30(b)(6) deposition and the eight depositions of Dairy Queen employees that W.B. Mason has indicated it will take, is not proportional to the needs of this case.

W.B. Mason has not made a particularized showing for why eight additional depositions are necessary, particularly where most, if not all, of W.B. Mason's third-party discovery can be accomplished with subpoenas for documents. Without a proper evaluation of the proportionality of the many depositions W.B. Mason has noticed or stated its intention to take, Dairy Queen is concerned that W.B. Mason will substantially increase the costs of discovery in this case. For these reasons, Dairy Queen respectfully requests that this Court deny W.B. Mason's request to add eight additional fact depositions at this time.

Page 4
January 2, 2020

                    Respectfully submitted,

                    LATHROP GPM LLP

                    By [signature]
                        Dean C. Eyler
                        Attorney

cc:    Sheldon Klein, Esq.
       Molly R. Littman, Esq.
       Thomas Johnson, Esq.
       Jason Kravitz, Esq.
       Troy Lieberman, Esq.

GP:4843-0442-8976 v4