UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| AMERICAN DAIRY QUEEN CORPORATION, | Case No. 18-cv-693 (SRN/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| W.B. MASON CO., INC., | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing (Dkt. 294) to continue sealing the July 1, 2021 Order (Dkt. 290) by United States District Judge Susan Richard Nelson with respect to the Motion for Partial Summary Judgment filed by Plaintiff American Dairy Queen Corporation ("Dairy Queen") (Dkt. 180); (2) the Motion for Summary Judgment filed by Defendant W.B. Mason Co. ("W.B. Mason") (Dkt. 182); (3) Plaintiff's Motion to Exclude Surveys and Opinions from Defendant's Expert Sarah Butler (Dkt. 133); (4) Plaintiff's Motion to Exclude the Opinion, Report, and Testimony of Dr. Wayne D. Hoyer (Dkt. 141); (5) Defendant's Motion to Exclude the Recognition Survey Conducted by E. Deborah Jay and Any Associated Opinions (Dkt. 155); and (6) Defendant's Motion to Exclude Expert Testimony of Erich Joachimsthaler (Dkt. 172).

As part of the Order, the parties were instructed to show cause as to why the Order should remain under seal, and if so, which portions of the Order should remain sealed and for how long.

The July 1, 2021 Order, relied, in part, on documents that this Court ordered were subject to continued sealing pursuant to Local Rule 5.6(d).  (Dkt. 291.)

The parties proposed a redacted version of the June 1, 2021 Order that the parties agreed should be filed publicly.  (*See* Dkt. 295.)

## ANALYSIS

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978).  As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . .  This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies."  It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"This right of access is not absolute, but requires a weighing of competing interests."  *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990).  The Eighth Circuit has identified the following interests that must be addressed in deciding whether to seal a judicial record:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed.  The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up).  That said, "[a]lthough the court is given . . . supervisory power [over its records], 'only the most compelling reasons can justify non-

disclosure of judicial records.'" *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting *In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005)).

"Modern cases on the common-law right of access say that 'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless there exist compelling reasons. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (citation omitted); *see also Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-2781 (SRN/JSM), 2014 WL 12597948, at *8-9 (D. Minn. Oct. 14, 2014) (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public

3

access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted).

Here, the presumption is even stronger than it would be for briefs and exhibits submitted with respect to motions for summary judgment and to exclude expert testimony, as not only does the Order reflect information provided by the parties for the Court's consideration in the adjudication of the merits of the dispositive motions and what evidence will be considered, but it also reflects Judge Nelson's reasoning related to the merits of the claims. Such information is central to the exercise of Article III judicial power, and restricting this information would hinder the public's ability to evaluate the reasonableness and fairness of judicial proceedings and the merits of the Court's ruling on the motions. The only reason for continued, indefinite sealing provided by the parties is "[b]ecause the Court's June 1 Order contains the same non-public, confidential and commercially sensitive business information as that included in the Sealed Docket Entries, the disclosure of which would result in competitive injury to the Parties." (Dkt. 294 at 2.) But this does not address the public's interest in understanding the basis for Judge Nelson's decision. The Court denies the motion for continued sealing on this basis alone.

In any event, the Court has reviewed the excerpts of the Order that the parties seek to have redacted from the publicly available record. The excerpts deal with past sales of

Blizzard treats, total past amounts spent over an eleven-year period for marketing of Blizzard treats, why W.B. Mason decided to sell water, and public recognition of the BLIZZARD mark.  Given that the strength of any property and privacy interests asserted is weak, coupled with the fact that the information as to sales, marketing, and public recognition forms part of the basis for the Court's decision on dispositive motions and evidentiary matters, the Court finds that the parties have not met their burden to overcome the presumptive right of the public to access to the entire June 1, 2020 Order.

## ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion Regarding Continued Sealing (Dkt. 294) to continue sealing the July 1, 2021 Order is **DENIED**.

2. The July 1, 2021 Order (Dkt. 290) shall be **UNSEALED** in accordance with the Local Rules unless a timely objection to the Order is filed.

DATED: October 4, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge